**CONNECTICUT YANKEE ATOMIC POWER COMPANY, Plaintiff–Appellant,**

Stanford Brainerd, Neil W. Sheridan, John D. Karle, III, and Connecticut River Watershed Council, Movants–Appellants,

v.

TOWN OF HADDAM PLANNING AND ZONING COMMISSION, Town of Haddam Board of Selectmen, and Town of Haddam, Defendants–Appellees.

Nos. 01–7737, 01–7867.

United States Court of Appeals, Second Circuit.

Oct. 1, 2001.

Allan B. Taylor; John B. Nolan, Joseph L. Hammer, Sharon L. Seligman, on the brief, Day, Berry & Howard, Hartford, CT, Nancy Burton, Law Office of Nancy Burton, Redding Ridge, CT, for appellants.

Thomas R. Gerarde; John J. Radshaw, III, of counsel, Howd & Ludorf, Hartford, CT, for appellee.

Present THOMAS J. MESKILL, DENNIS JACOBS, JOSÉ A. CABRANES, Circuit JJ.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Connecticut Yankee Atomic Power Company ("CY") brought this action for declaratory and injunctive relief and damages under 42 U.S.C. § 1983, alleging that defendants' zoning regulations that prohibit CY from constructing a federally authorized dry cask nuclear waste storage facility are preempted by federal law. In an April 20, 2001 ruling, the District Court granted defendants' motion to dismiss on the grounds that (1) the complaint did not present an actual controversy where both CY and defendants' agreed that CY could "proceed with the dry cask installation without the approval of the defendants because federal law permits such a course of action"; and (2) defendants had not "prevented [CY] from building the dry storage system on the [p]roperty," even though defendants refused to reclassify

CY's property from residential to a waste storage zone. *CT Yankee Atomic Power Co. v. Haddam Planning and Zoning et al.*, No. 3:00–2425, slip op. at 8 (D.Conn. Apr. 20, 2001). The District Court noted that CY had "not sought a building permit to begin construction of the dry cask storage system." *Id.* at 8–9.

For nearly thirty years, CY operated a commercial nuclear electric generating facility (the "plant") and stored its nuclear waste in a wet pool system on its property, as permitted by the Town of Haddam Planning and Zoning Commission ("Zoning Commission"). At some point during this period, CY's property was reclassified as residential. Now in the process of decommissioning the plant, CY has determined it to be more efficient to store the waste in a dry cask storage system until it is removed by the Department of Energy in approximately 2010 upon completion of a high-level nuclear waste repository. With plans to construct a dry cask storage facility on its property, CY requested by zoning amendment application dated September 7, 2000 that portions of its property be redesignated from residential use to that dedicated to the storage of nuclear waste. On December 4, 2000, the Zoning Commission denied the application on the grounds that the proposed regulations exposed the Town to the risk of taking additional third party off-site waste; did not conform with the comprehensive zoning plan; and may not be enforceable as written.

At the heart of this case is the fact that prior to filing this law suit, CY had only attempted to secure permission to build its dry cask storage facility by requesting that its property be rezoned. CY had never even attempted requesting a building permit for the facility it wished to erect.

The Declaratory Judgment Act permits declaratory relief only in cases presenting "actual controversies," 28 U.S.C. § 2201(a), thereby incorporating "into the statute the case or controversy limitation on federal jurisdiction found in Article III of the [United States] Constitution." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir.1996). There must be " 'a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.' " *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir.1993) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)) (emphasis in original).

CY assumes that the Town's refusal to revise its zoning plan for land use reasons precludes construction of a dry cask storage facility and, therefore, that it would be futile to apply for such a building permit for residentially zoned property. CY argues that where Connecticut law prohibits the issuance of a building permit for any structure subject to municipal zoning regulations absent confirmation of zoning compliance, CONN. GEN.STAT. § 8–3(f), and where building an ISFSI facility is not compliant with residential use, a building permit cannot be issued.

Under Connecticut land use law, zoning regulations may be modified or lifted to accommodate continuation or intensification of a legitimate, pre-existing non-conforming use. *See Helbig v. Zoning Comm'n*, 440 A.2d 940, 946, 185 Conn. 294, 306 (1981) (holding that the non-conforming use doctrine "protects the 'right' of a user to continue the same use of the property as it existed before the date of the adoption of the zoning regulations"); CONN. GEN.STAT. § 8–2(a) ("[Municipal] zoning regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."); *Zachs v.*

*Zoning Bd. of Appeals*, 589 A.2d 351, 356, 218 Conn. 324, 334 (1991) (stating that an owner maintaining a non-conforming use may employ "improved and more efficient instrumentalities" to carry out the non-conforming use without thereby illegally expanding it, so long as "the original nature and purpose of the undertaking remain unchanged"). Therefore, CY's dry cask storage facility might be permitted as a more efficient method of storing nuclear waste by moving from a wet pool technology to dry storage. *See id.* Alternatively, CY could apply for a variance to expand the scope of the non-conforming use. The variance power permits that which is otherwise disallowed by zoning regulations and has been upheld by Connecticut law. *Adolphson v. Zoning Bd. of Appeals*, 535 A.2d 799, 205 Conn. 703 (1988). These are just two examples of land use exceptions under Connecticut law that might apply to CY's circumstances.

Until CY has given defendants an opportunity to grant or deny a building permit, this case will not be ripe for review. Accordingly, we affirm the April 20, 2001 judgment of the District Court on the grounds that no actual controversy exists where defendants' local zoning scheme does not prohibit construction of a dry cask storage facility and plaintiff has not been denied a building permit by the Town of Haddam.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.